E-FILED on __6/21/10__

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANTHONY M. RAMIREZ,<br><br>            Petitioner,<br><br>    v.<br><br>JAMES A. YATES, Warden, et. al.,<br><br>            Respondents. | No. C-03-1817 RMW<br><br>ORDER PERMITTING PETITIONER TO SUBMIT SUPPLEMENTAL EVIDENCE<br><br>**[Re Docket No. 74]** |

On September 28, 2006, the court granted respondent's motion to dismiss petitioner's habeas petition as untimely. On July 10, 2009, the Ninth Circuit vacated the order and remanded with instructions to make necessary findings of fact to resolve petitioner's claims for equitable tolling for the periods between May 21, 2002 and August 1, 2002 and between February 26, 2003 and July 11, 2003. Petitioner now moves for an evidentiary hearing on factual issues in dispute on his equitable tolling claims.

It appears that respondent has not disputed any of petitioner's factual allegations. The court therefore requests that petitioner file within 60 days a list of facts that petitioner believes are material to his claim for equitable tolling (for the periods between May 21, 2002 and August 1, 2002 and between February 26, 2003 and July 11, 2003) and in dispute.

ORDER PERMITTING PETITIONER TO SUBMIT SUPPLEMENTAL EVIDENCE—No. C-03-1817 RMW
CCL

1    Respondent contends that an evidentiary hearing is not yet warranted because the record
2 should first be developed through pleadings and documentary evidence, such as the prison's
3 incoming mail log. An evidentiary hearing is warranted only when a habeas petitioner has made "a
4 good faith allegation that would, if true, entitle him to equitable tolling." *Roy v. Lampert*, 465 F.3d
5 964, 969 (9th Cir. 2006). As the party carrying the burden to establish entitlement to equitable
6 tolling, petitioner must allege facts showing that he has been pursuing his rights diligently, that some
7 extraordinary circumstance stood in his way, that the extraordinary circumstance was the cause of
8 his untimeliness, and that the extraordinary circumstance made it impossible to file a petition on
9 time. *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009). At this time, it appears that petitioner
10 may not have made sufficient factual allegations to entitle him to equitable tolling.

11    The court therefore provides petitioner with 60 days to file an affidavit that is signed and
12 sworn under penalty of perjury, addressing the following questions:

13    1.   On what date[1] did petitioner receive notice that his first post-conviction state habeas
14         petition had been denied?
15    2.   What did petitioner do to try to obtain notice regarding his first post-conviction state
16         habeas petition?
17    3.   How did receiving notice in July or August of 2002 make it impossible for petitioner
18         to file his federal habeas petition before June 16, 2004?
19    4.   What did petitioner do to try to gain access to his legal file between February 26,
20         2003 and July 11, 2003?
21    5.   How did lack of access to his legal file between February 26, 2003 and July 11, 2003
22         affect his ability to prepare a federal habeas petition?

---

[1] According to petitioner's opposition to respondent's motion to dismiss, petitioner received notice on August 1, 2002. Dkt. No. 140 at 2. However, petitioner stated that he received notification on July 22, 2002 in his motion for extension of time based on equitable tolling. Dkt. No. 7 at 4. This latter statement is corroborated by Exhibit 19 to the motion, which contains petitioner's incoming mail log and shows that petitioner received mail from "Superior Crt. Criminal Div. S.F. CA. 94103" on July 22, 2002. Dkt. No. 7 Ex. 19. On the mail log, in petitioner's own handwriting, there is a notation indicating that the correspondence received was "notification of denial of habeas writ #4391." *Id.*

ORDER PERMITTING PETITIONER TO SUBMIT SUPPLEMENTAL EVIDENCE—No. C-03-1817 RMW
CCL                                     2

6. How did lack of access to his legal file between February 26, 2003 and July 11, 2003 make it impossible for petitioner to file his federal habeas petition before June 16, 2004? Why was petitioner able to file various other court documents during the period between July 11, 2003 and June 16, 2004, including state habeas petitions, but not a federal habeas petition?

The court will consider this supplemental evidence in determining whether an evidentiary hearing should be held. If petitioner has documentary evidence relating to his claims for equitable tolling that he wishes to file, he may do so as well, but he must ensure that any such documents are properly authenticated. The court will advise respondent after it has reviewed the supplemental filings whether a response will be required.

Petitioner is also to clarify whether he is represented by counsel. Petitioner appears to have counsel of record, who is responsible for the handling of this action until and unless he is permitted to withdraw or a substitution of counsel is filed.

DATED:     6/21/10

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge