**E-FILED on**   8/23/10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANTHONY M. RAMIREZ,<br><br>        Petitioner,<br><br>    v.<br><br>JAMES A. YATES, Warden, et. al.,<br><br>        Respondents. | No. C-03-1817 RMW<br><br>ORDER DISMISSING HABEAS PETITION AS UNTIMELY AND DENYING CERTIFICATE OF APPEALABILITY<br><br>**[Re Docket Nos. 39, 74, 79, 81]** |

      Petitioner Anthony M. Ramirez petitions for a writ of habeas corpus under 28 U.S.C. § 2254. This court previously dismissed the petition as untimely. On appeal, the Ninth Circuit remanded with instructions to make necessary findings of fact to resolve petitioner's claims for equitable tolling for the periods between May 21, 2002 and August 1, 2002 and between February 26, 2003 and July 11, 2003. Petitioner also moves: (1) for an evidentiary hearing, (2) for the court to expand its factual findings to include whether he is entitled to equitable tolling for the period between September 16, 2003 and October 1, 2003, and (3) for appointment of substitute counsel. For the following reasons, the court denies each of petitioner's motions, finds that petitioner is not entitled to equitable tolling, and dismisses the petition as untimely.

## I. BACKGROUND

Petitioner was convicted of residential burglary and sentenced to fifty years-to-life in state prison. His direct appeals were unsuccessful, and the state court judgment became final on May 21, 2002. Without any tolling, petitioner had until May 21, 2003 to file a timely federal habeas petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Petitioner did not file a federal habeas petition until June 16, 2004. On September 28, 2006, the court granted respondent's motion to dismiss the habeas petition as untimely.

On appeal, the Ninth Circuit determined the following: (1) petitioner is not entitled to equitable tolling for restricted law library and copier access from July 11, 2003 to October 1, 2003; (2) petitioner is entitled to statutory tolling for 39 days while his state coram nobis petition was pending from December 28, 2002 to February 5, 2003; (3) petitioner is not entitled to statutory tolling during the pendency of his appeal from the denial of the coram nobis petition from February 6, 2003 to March 17, 2003; (4) petitioner is not entitled to statutory tolling while his state court discovery motions were pending from September 20, 2003 to December 28, 2003; and (5) petitioner is not entitled to have his limitations period begin on October 1, 2003 under 28 U.S.C. § 2244(d)(1)(B). *Ramirez v. Yates*, 571 F.3d 993, 998-1001 (9th Cir. 2009).

The Ninth Circuit vacated the court's September 28, 2006 order dismissing the habeas petition as untimely and remanded with instructions to make the necessary findings of fact to resolve petitioner's claims for equitable tolling for the periods between May 21, 2002 and August 1, 2002 and between February 26, 2003 and July 11, 2003. *Id.* at 1001. With respect to the first period, the court is to determine: (1) on what date petitioner actually received notice of the state court's ruling regarding his first state habeas petition, (2) whether petitioner acted diligently to obtain notice, and (3) whether the alleged delay of notice caused the untimeliness of his federal filing and made a timely filing of the instant habeas petition impossible. *Id.* at 998. With respect to the second period, the court is to determine: (1) whether petitioner pursued his rights diligently and (2) whether lack of access to petitioner's legal file made a timely filing impossible. *Id.* If equitable tolling is unwarranted during either period, the petition must be dismissed as untimely. *Id.* at 1001.

## II.  ANALYSIS

### A.  Legal Standard for Equitable Tolling

AEDPA sets a one-year statute of limitations for filing a federal habeas petition. 28 U.S.C. § 2244(d)(1). This statute of limitations may be subject to equitable tolling. *Holland v. Florida*, 2010 U.S. LEXIS 4946, at *7 (U.S. June 14, 2010). To receive equitable tolling, a petitioner must establish that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). In addition, the petitioner must show that the extraordinary circumstance was the cause of his untimeliness and that the extraordinary circumstance had made it impossible to file a petition on time. *Ramirez*, 571 F.3d at 997.

### B.  May 21, 2002 to August 1, 2002

On April 4, 2002, petitioner delivered his first state habeas petition. On May 8, 2002, his first state habeas petition was denied. On May 21, 2002, petitioner's state court conviction became final. Petitioner alleges that he did not receive notice of the denial of his first state habeas petition until August 1, 2002 and thus seeks equitable tolling during the period between May 21, 2002 and August 1, 2002.

A "prisoner's lack of knowledge that the state courts have reached a final resolution can provide grounds for equitable tolling if the prisoner has acted diligently in the matter." *Ramirez*, 571 F.3d at 997 (quoting *Woodward v. Williams*, 263 F.3d 1135, 1143 (10th Cir. 2001)). Accordingly, the Ninth Circuit remanded for this court to determine: (1) on what date petitioner actually received notice of the state court's ruling regarding his first state habeas petition, (2) whether petitioner acted diligently to obtain notice, and (3) whether the alleged delay of notice caused the untimeliness of his federal filing and made a timely filing of the instant habeas petition impossible.

#### 1.  Receipt of Notice

The record indicates that petitioner received actual notice that his first state habeas petition had been denied on July 22, 2002 and not August 1, 2002. According to petitioner's own motion for extension of time based on equitable tolling, he received notification that his first state habeas petition had been denied on July 22, 2002. *See* Dkt. No. 7 at 4. This is supported by Exhibit 19 to

the motion, which contains petitioner's incoming mail log and shows that petitioner received mail from "Superior Crt. Criminal Div. S.F. CA 94103" on July 22, 2002. Dkt. No. 7 Ex. 19. On the mail log, in petitioner's own handwriting, there is a notation indicating that the correspondence received was "notification of denial of habeas writ #4391." *Id.* The court therefore finds that petitioner received notice of the state court's ruling regarding his first state habeas petition on July 22, 2002.

### 2. Diligence

During the intervening period between submitting his habeas petition on April 4, 2002 and receiving notice of denial on July 22, 2002, petitioner sent two inquiries to the San Francisco Superior Court. On May 15, 2002, petitioner mailed a "Request for Notification of Judge Moscone's Disposition on Habeas Corpus Writ No. 4391" to the San Francisco Superior Court. *See* Dkt No. 15 Ex. 4. On July 9, 2002, petitioner sent another letter to Judge Moscone inquiring as to the disposition of his habeas petition. *See* Dkt. No. 15 Ex. 5. Based on these two attempts to ascertain the status of his habeas petition, the court finds that petitioner acted diligently to obtain notice.

### 3. Causation and Impossibility

In order to qualify for equitable tolling for the 62-day period between May 21, 2002 and July 22, 2002, petitioner must show that this delay in notification, or this delay combined with other extenuating circumstances, caused the untimeliness of his federal filing and made a timely filing of the instant habeas petition impossible. A 62-day delay in notification, standing alone, would not appear to make timely filing impossible since petitioner would still have ten months remaining to prepare and file a federal habeas petition. Despite the court's explicit request for petitioner to explain how receiving notice in July of 2002 made it impossible for him to file his federal habeas petition on time, petitioner has not provided any explanation in this regard. *See* Dkt. Nos. 76, 77. Petitioner has thus failed to establish that the 62-day delay in notification, by itself, caused his lateness and made timely filing impossible. The court will thus consider whether the combination of this delay in notification and his lack of access to his legal file from February 26, 2003 through July 11, 2003 made a timely filing impossible. *See Ramirez*, 571 F.3d at 1000 ("It is enough to show that the two circumstances *together* made a timely filing impossible.").

ORDER DISMISSING HABEAS PETITION AS UNTIMELY AND DENYING CERTIFICATE OF APPEALABILITY—No. C-03-1817 RMW
CCL                                                        4

### C. February 26, 2003 to July 11, 2003

On February 26, 2003, petitioner was attacked in prison, resulting in serious bodily injuries requiring hospitalization. Dkt. No. 7, Ramirez Decl. ¶ 4. Upon being discharged from the hospital, petitioner was placed in administrative segregation. *Id.* ¶ 7. Petitioner was denied access to his legal materials from February 26, 2003 until July 11, 2003, *id.* ¶ 12, and thus seeks equitable tolling for this time period.

"[I]t is unrealistic to expect a habeas petitioner to prepare and file a meaningful petition on his own within the limitations period without access to his legal file." *Espinoza-Matthews v. California*, 432 F.3d 1021, 1027 (9th Cir. 2005) (quotations omitted). Accordingly, the Ninth Circuit remanded for this court is to determine: (1) whether petitioner pursued his rights diligently and (2) whether lack of access to petitioner's legal file made a timely filing impossible.

#### 1. Diligence

Petitioner made numerous attempts to gain access to his legal file while he was in administrative segregation. On April 15, 2003, petitioner wrote a letter to this court requesting an order providing him with access to his legal materials. *See* Dkt No. 1. On April 25, 2003, petitioner submitted an inmate appeal form requesting access to his legal file. *See* Dkt. No. 15 Ex. 10. Between May 25, 2003 and July 3, 2003, petitioner wrote a series of letters to this court, informing the court that he was still being denied access to his legal work and requesting an order directing the prison warden to give him access to his legal papers. *See* Dkt. Nos. 3, 4, 5. In light of petitioner's many attempts to obtain access to his legal file, the court finds that he pursued his rights diligently.

#### 2. Causation and Impossibility

In order to qualify for equitable tolling for the 135-day period between February 26, 2003 and July 11, 2003, petitioner must show that this lack of access to his legal materials, when combined with the 62-day delay in notice, caused the untimeliness of his federal filing and made timely filing of the federal petition impossible. Petitioner has failed to make this showing.

The record shows that petitioner submitted various motions in federal and state court as well as state habeas petitions between July 2003 and March 2004.[1] On November 25, 2003, this court denied petitioner's motion for equitable tolling as premature and expressly directed petitioner to submit a habeas petition identifying the claims that he sought to raise within 30 days of the order. *See* Dkt No. 13. Rather than filing a federal habeas petition identifying his claims as directed by the court, petitioner filed another motion for equitable tolling as well as state habeas petitions in the California Superior Court, California Court of Appeal, and California Supreme Court. *See* Dkt. No. 15 Ex. 13; Dkt. No. 39 Ex. 6. Petitioner did not file the instant petition until June 16, 2004, more than six months after the court's order issued and over five months after he had submitted another state habeas petition. *See* Dkt. No. 18. Despite the court's explicit request for petitioner to explain why he was able to file various other court documents (including state habeas petitions) between July 11, 2003 and June 16, 2004, but not a federal habeas petition, petitioner has not provided any explanation in this regard. *See* Dkt. Nos. 76, 77.

In light of these facts, the court finds that petitioner has failed to show that the extraordinary circumstances (in this case, the 62-day delay in notifying him that his first state habeas petition had been denied and the 135-day denial of access to his legal file) caused his lateness in filing a federal petition and made timely filing impossible. *See Hartley v. Hall*, 335 Fed. Appx. 686, 688 (9th Cir. 2009) (finding that petitioner failed to establish the necessary causal link between his lateness and the extraordinary circumstance when he filed a state habeas petition eight months after receiving access to his legal file but waited an additional thirteen months before filing his federal habeas petition). Rather than filing a federal habeas petition as soon as possible, petitioner filed various other motions in state and federal court. This may be attributable to oversight, miscalculation, or confusion or ignorance regarding the law. However, to be entitled to equitable tolling, the cause of

---

[1] On July 31, 2003, petitioner filed a motion with this court seeking an extension of time to file his federal habeas petition. *See* Dkt. No. 7. On August 10, 2003, petitioner delivered an application to proceed *in forma pauperis* before this court. *See* Dkt. No. 8. On September 30, 2003, petitioner filed a successful discovery motion in the California Superior Court. *Ramirez*, 571 F.3d at 996. Between December 27, 2003 and March 25, 2004, petitioner submitted additional state habeas petitions to the California Superior Court, California Court of Appeal, and California Supreme Court. *See* Dkt. No. 15 Ex. 13; Dkt. No. 39 Ex. 6. On January 6, 2004, petitioner submitted another motion in this court for extension of time to file his federal habeas petition. *See* Dkt. No. 15.

United States District Court
For the Northern District of California

the delayed filing must be an extraordinary circumstance rather than "merely oversight, miscalculation or negligence on the petitioner's part, all of which would preclude the application of equitable tolling." *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (quotations omitted). Moreover, the Ninth Circuit has held that "a pro se petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling." *Id.* at 1013 n.4.

Having found that equitable tolling is not warranted for either period, the court concludes that the petition is untimely. Petitioner's state court judgment became final on May 21, 2002. Taking into account the 39 days of statutory tolling that he is entitled to, he had until June 29, 2003 to file a timely federal habeas petition. Petitioner did not file a federal habeas petition stating his claims until June 16, 2004. The court therefore dismisses his petition as untimely.

### D. Evidentiary Hearing

Petitioner seeks an evidentiary hearing on factual issues in dispute on his equitable tolling claims. However, respondent has not disputed any of petitioner's factual allegations. In its June 21, 2010 order, the court asked petitioner to provide a list of facts that he believes are material to his equitable tolling claims and are in dispute within sixty days. *See* Dkt. No. 76. Petitioner has not pointed to any facts in dispute. *See* Dkt. No. 77. Moreover, a habeas petitioner is entitled to an evidentiary hearing when he makes "a good faith allegation that would, if true, entitle him to equitable tolling." *Roy v. Lambert*, 465 F.3d 964, 969 (9th Cir. 2006). As discussed above, petitioner's allegations fail to entitle him to equitable tolling. The court therefore denies his motion for an evidentiary hearing.

### E. Expansion of Factual Findings

Petitioner requests that the court extend its factual findings to include whether petitioner is entitled to equitable tolling for the period between September 16, 2003 and October 1, 2003. The court declines to do so. The Ninth Circuit rejected petitioner's claim that he did not have access to his legal materials during this time and determined that petitioner was not entitled to equitable tolling from July 11, 2003 through October 1, 2003. *See Ramirez*, 571 F.3d at 997 n.2, 998. Moreover, even taking into account the alleged lack of access to his legal file during this time,

ORDER DISMISSING HABEAS PETITION AS UNTIMELY AND DENYING CERTIFICATE OF APPEALABILITY—No. C-03-1817 RMW
CCL                                                                7

petitioner's claim for equitable tolling during this period suffers from the same lack of a causal link with his delayed filing that precludes equitable tolling for the other two periods.

### F. Appointment of Substitute Counsel

Petitioner asks the court to replace his court-appointed attorney. Given the facts and the findings set forth above, the court does not feel that appointment of a substitute attorney is necessary. The court grants Maitreya Badami's motion to withdraw as counsel.

## III. CERTIFICATE OF APPEALABILITY

The federal rules governing habeas cases brought by state prisoners require a district court that denies a habeas petition to grant or deny a certificate of appealability in its ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. § 2254. For the reasons set out in the discussion above, petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right [or] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a certificate of appealability is denied.

## IV. ORDER

For the foregoing reasons, the court:

1. Denies petitioner's motion for an evidentiary hearing;
2. Denies petitioner's motion to expand the scope of factual findings;
3. Denies petitioner's motion to appoint substitute counsel;
4. Grants Maitreya Badami's motion to withdraw as counsel;
5. Makes the following factual findings with regard to the period between May 21, 2002 and August 1, 2002:
   - Petitioner received notice of the state court's denial of his first state habeas petition on July 22, 2002;
   - Petitioner acted diligently to obtain notice;
   - The delay in notice did not cause the untimeliness of his federal filing and make a timely filing impossible;
6. Makes the following factual findings regarding the period between February 26, 2003 and July 11, 2003:

- Petitioner pursued his rights diligently;
- Lack of access to petitioner's legal file did not cause the untimeliness of his federal filing and make a timely filing impossible;

7. Denies equitable tolling for the periods between May 21, 2002 and August 1, 2002 and between February 26, 2003 and July 11, 2003;

8. Dismisses the petition as untimely; and

9. Denies a certificate of appealability.

DATED:      8/23/10

*/s/ Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge