UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANTHONY M. RAMIREZ,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES A. YATES, Warden, et al,<br><br>Defendants. | Case No. C-03-01817 RMW<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**<br><br>[Re Dkt. Nos. 39, 118] |

Anthony Ramirez's petition for a writ of habeas corpus is before the court on remand from the Ninth Circuit with instructions to make necessary findings of fact to resolve whether petitioner is entitled to equitable tolling for two separate periods: (1) May 21, 2002 to August 1, 2002; and (2) February 26, 2003 to July 11, 2003. *Ramirez v. Yates*, 571 F.3d 993, 1001 (9th Cir. 2009). The instructions conclude that "[i]f the district court determines that equitable tolling is unwarranted during either period it must dismiss the petition as untimely. Otherwise it should proceed to the merits." *Id.*

After receipt of the remand, the court ordered Ramirez to file an affidavit setting forth the facts he believes are material to his claim for equitable tolling and to answer certain questions so that the court could determine the timeliness issue. Order, Dkt. No. 76. After being given an

extension of time because of a prison lockdown, petitioner filed a supplemental response including an affidavit.  Petr.'s Resp., Dkt. No. 101.  The court now makes the necessary findings of fact and resolves petitioner's claims for equitable tolling for the two periods in question.

For the following reasons, the court finds that the statute of limitations is equitably tolled during each period in question and therefore Ramirez's petition for habeas corpus is timely.

## I.  BACKGROUND

Ramirez was convicted of residential burglary and sentenced to fifty years-to-life in state prison.  His direct appeals were unsuccessful, and the state court judgment became final on May 21, 2002.  Without any tolling, Ramirez had until May 21, 2003, to file a timely federal habeas petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA").  Ramirez did not file a federal habeas petition until June 14, 2004.  Therefore, in order for the petition to be timely, the court would need to toll the statute of limitations from May 21 to June 14, 2004.

On September 28, 2006, the court granted respondent's motion to dismiss the habeas petition as untimely.

In vacating this court's dismissal of Ramirez's petition as untimely, the Ninth Circuit determined the following: (1) Ramirez may be entitled to equitable tolling from May 21, 2002, to August 1, 2002, because he lacked knowledge that his first state habeas petition had been denied; (2) Ramirez may be entitled to equitable tolling from February 26, 2003, to July 11, 2003, because he was in administrative segregation and lacked access to his legal files; (3) he is not entitled to equitable tolling for the period from July 11, 2003, to October 1, 2003, on his claim of restricted law library and copier access; (4) Ramirez is entitled to statutory tolling from December 28, 2002, to February 5, 2003, in which his state *coram nobis* petition was pending; (5) Ramirez is not entitled to statutory tolling from February 6, 2003, to March 17, 2003, during the pendency of his appeal from the denial of his *coram nobis* petition; (6) Ramirez is not entitled to statutory tolling from September 20, 2003, to December 28, 2003, while his state court discovery motions were pending; and (7) Ramirez is not entitled to have his limitations period begin on October 1, 2003, under 28 U.S.C. § 2244(d)(1)(B) (allows tolling to the date on which any Constitutional impairment removed).  *Ramirez*, 571 F.3d at 998-1001).  The court now reviews the factors

ORDER DENYING MOTION TO DISMISS
CASE NO. C-03-01817 RMW
SW
- 2 -

giving rise to equitable tolling and determines whether they provide the bases for equitable tolling here.

## II.     ANALYSIS
### A.     Legal Standard for Equitable Tolling

The AEDPA sets a one-year statute of limitations for filing a federal habeas petition. 28 U.S.C. § 2244(d)(1). This statute of limitations may be subject to equitable tolling. *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). Equitable tolling is unavailable in most cases and is appropriate only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999). The threshold necessary to trigger equitable tolling under AEDPA is very high. *Id.* A petitioner must establish that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). In addition, the petitioner must show that the extraordinary circumstance was the cause of his untimeliness and that the extraordinary circumstance made filing a petition on time impossible. *Ramirez*, 571 F.3d at 997. "It will normally be much more difficult for a prisoner to demonstrate causation where he encounters the 'extraordinary circumstances' in the beginning or middle of the limitations period than where he encounters them at the end of limitations period. This is the case because, if the prisoner is diligently pursuing his habeas petition, the one-year limitations period will ordinarily give him ample opportunity to overcome such early obstacles." *Allen v. Lewis*, 255 F.3d 798, 800 (9th Cir. 2001).

### B.     May 21, 2002 to August 1, 2002

On April 4, 2002, Ramirez delivered his first state habeas petition. On May 8, 2002, his first state habeas petition was denied. On May 21, 2002, Ramirez's state court conviction became final. Ramirez alleges that he did not receive notice of the denial of his first state habeas petition until August 1, 2002, and thus seeks equitable tolling during the period between May 21, 2002, and August 1, 2002.

A "prisoner's lack of knowledge that the state courts have reached a final resolution can provide grounds for equitable tolling if the prisoner has acted diligently in the matter." *Ramirez*,

571 F.3d at 997 (quoting *Woodward v. Williams*, 263 F.3d 1135, 1143 (10th Cir. 2001)). *See also White v. Ollison*, 530 F. Supp. 2d 1077, 1083 (C.D. Cal. 2007) (finding White was entitled to equitable tolling for the entire period between when the Superior Court denied his habeas corpus petition and when he received notice of the denial). Accordingly, the Ninth Circuit remanded for this court to determine: (1) on what date petitioner actually received notice of the state court's ruling regarding his first state habeas petition, (2) whether petitioner acted diligently to obtain notice, and (3) whether the alleged delay of notice caused the untimeliness of his federal filing and made a timely filing of the instant habeas petition impossible.

### 1.   **Receipt of Notice**

Ramirez originally alleged that he did not receive notice of the denial of his first state habeas petition until August 1, 2002, and thus sought equitable tolling during the period between May 21, 2002 and August 1, 2002. However, he has corrected his allegation to acknowledge receipt on July 22, 2002. The record indicates that petitioner received actual notice that his first state habeas petition had been denied on July 22, 2002 and not August 1, 2002. According to Ramirez's own motion for extension of time based on equitable tolling, he received notification that his first state habeas petition had been denied on July 22, 2002. *See* Dkt. No. 7 at 4. This is supported by Ramirez's incoming mail log and shows that petitioner received mail from "Superior Crt. Criminal Div. S.F. CA 94103" on July 22, 2002. Dkt. # 7, Ex. 19. On the mail log, in Ramirez's own handwriting, there is a notation indicating that the correspondence received was "notification of denial of habeas writ #4391." *Id.* The court, therefore, finds that Ramirez received notice of the state court's ruling regarding his first state habeas petition on July 22, 2002.

### 2.   **Diligence**

During the intervening period between submitting his habeas petition on April 4, 2002, and receiving notice of denial on July 22, 2002, Ramirez sent two inquiries to the San Francisco Superior Court. Dkt. 101, Petr.'s Aff. ¶ 4. On May 15, 2002, petitioner mailed a "Request for Notification of Judge Moscone's Disposition on Habeas Corpus Writ No. 4391" to the San Francisco Superior Court. *See* Dkt No. 15 Ex. 4. On July 9, 2002, petitioner sent another letter to Judge Moscone inquiring as to the disposition of his habeas petition. *See* Dkt. No. 15 Ex. 5.

ORDER DENYING MOTION TO DISMISS
CASE NO. C-03-01817 RMW
SW

1  Based on these two attempts to ascertain the status of his habeas petition, the court finds that
2  petitioner acted diligently to obtain notice.

### 3. Causation and Impossibility

In order to qualify for equitable tolling for the 62-day period between May 21, 2002, and July 22, 2002, Ramirez must show that this delay in notification or this delay combined with other extenuating circumstances, caused the untimeliness of his federal filing and made a timely filing of the instant habeas petition impossible. *Ramirez*, 571 F.3d at 1000.  The Ninth Circuit found that "it will normally be much more difficult for a prisoner to demonstrate causation where he encounters the 'extraordinary circumstances' in the beginning or middle of the limitations period." *Allen v. Lewis*, 255 F.3d 798, 800 (9th Cir. 2001) *on reh'g en banc*, 295 F.3d 1046 (9th Cir. 2002).  In most cases, a 62-day delay in notification, standing alone at the beginning of the limitations period, would not, without more, make timely filing impossible because the petitioner would still have had ten months remaining to prepare and file a federal habeas petition.  However, the court must consider in Ramirez's case whether the delay in notification and the later lack of access to his legal file made a timely filing impossible.  "It is enough to show that the two circumstances *together* made a timely filing impossible. *Ramirez*, 571 F.3d at 1000.

### C. February 26, 2003 to July 11, 2003

On February 26, 2003, petitioner was attacked in prison, resulting in serious bodily injuries requiring hospitalization. Ramirez Decl. ¶ 4, Dkt. No. 7.  Upon being discharged from the hospital, petitioner was placed in administrative segregation. *Id.* ¶ 7.  Ramirez seeks equitable tolling from February 26, 2003, until July 11, 2003, because he was denied access to his legal materials during this period. *Id.* ¶ 12

"[I]t is unrealistic to expect a habeas petitioner to prepare and file a meaningful petition on his own within the limitations period without access to his legal file." *Espinoza-Matthews v. California*, 432 F.3d 1021, 1027 (9th Cir. 2005) (quotations omitted).  Accordingly, the Ninth Circuit remanded for this court to determine: (1) whether petitioner pursued his rights diligently and (2) whether lack of access to petitioner's legal file made a timely filing impossible.

ORDER DENYING MOTION TO DISMISS
CASE NO. C-03-01817 RMW
SW
- 5 -

### 1. Diligence

Petitioner made numerous attempts to gain access to his legal file while he was in administrative segregation. On April 15, 2003, petitioner wrote a letter to this court requesting an order providing him with access to his legal materials. *See* Dkt. No. 1. On April 25, 2003, petitioner submitted an inmate appeal form requesting access to his legal file. *See* Dkt. No. 15 Ex. 10. Between May 25, 2003, and July 3, 2003, petitioner wrote a series of letters to this court, informing the court that he was still being denied access to his legal work and requesting an order directing the prison warden to give him access to his legal papers. *See* Dkt. Nos. 3, 5, 6. In light of petitioner's many attempts to obtain access to his legal file, the court finds that he pursued his rights diligently.

### 2. Causation and Impossibility

In order to qualify for equitable tolling for the 135-day period between February 26, 2003, and July 11, 2003, petitioner must show that this lack of access to his legal materials, alone or in combination with the 62-day delay in getting notice of the denial of his state habeas a petition caused the untimeliness of his federal filing and made timely filing of the federal petition impossible. Courts have found that a petitioner's lack of access to his legal files, especially near the time the petition is due makes it impossible for the petitioner to timely file. *See Espinoza-Matthews v. California*, 432 F.3d 1021, 1027-28 (9th Cir. 2005) (granting equitable tolling for the petitioner's entire 11 month stay in administrative segregation where he was denied access to his legal papers despite repeated attempts to obtain them); *Spitsyn v. Moore*, 345 F.3d 796, 801 (9th Cir. 2003).

Ramirez was in administrative segregation without his legal file for the months leading up to and including June 29, 2003, the day his petition was otherwise due (one-year limitation and 39 days of statutory tolling). Petr.'s Aff. ¶ 5. In his supplemental filing, Ramirez says that it was impossible for him to file "without his court transcripts, the clerks and court reporters transcripts." Petr.'s Resp. at 10. He asserts that he needed to comb them to identify potential claims. *Id.* The court agrees with Ramirez and established Ninth Circuit precedent in *Espinoza-Matthews* and

ORDER DENYING MOTION TO DISMISS
CASE NO. C-03-01817 RMW
SW
- 6 -

*Spitsyn*: it is generally impossible for a pro se prisoner to file a habeas petition when he is denied access to his legal file for a significant period of time around the date the petition is due.

In light of these facts, the court finds that Ramirez is entitled to equitable tolling for the entire 135-day period he was without his legal file while in the hospital and in administrative segregation from February 26 to July 11, 2003.

### D. The Two Circumstances Together

The Ninth Circuit directed this court to find equitable tolling for both periods if Ramirez showed that "the two circumstances together made a timely filing impossible." *Ramirez*, 571 F.3d at 1000. It held that Ramirez "need not prove that the two 'extraordinary circumstances' that he alleges prevented him from filing a timely petition each *independently* made a timely filing 'impossible.' It is enough to show that the two circumstances *together* made a timely filing impossible. *Id.*" Without equitable tolling, Ramirez had until June 29, 2003 to file. If he is given equitable tolling for both periods in question, he had until January 14, 2004 to file. However, Ramirez delivered his second state habeas petition on December 28, 2004, which would entitle him to statutory tolling until March 2, 2005 when the California Supreme Court denied the state petition. Ramirez filed is federal habeas petition on June 14, 2004.

The court finds the 62-day period when Ramirez did not have notice of the denial of his first state habeas petition combined with the 135-day period when he lacked access to his legal file made timely filing impossible. When he received notice of the denial of his first state habeas, he reasonably would have believed he had until June 29, 2003 to file. He cannot be faulted for not having filed before February 26, 2003 as he had sufficient time left in which to file. He then was hospitalized and following his hospitalization placed in administrative segregation. He had no access to his legal file during this period and when he gained access to his legal file on July 11, 2003 his time to file had expired absent equitable tolling. Since it was impossible for him to have filed without access to his legal file, tolling is appropriate for the period he was hospitalized and in administrative segregation. With 236 days of statutory and equitable tolling, he had until January 12, 2004 to file. Since he delivered his second state habeas petition on December 28, 2004, statutory tolling ran until the California Supreme Court denied his second state habeas

ORDER DENYING MOTION TO DISMISS
CASE NO. C-03-01817 RMW
SW
- 7 -

petition on March 5, 2005. Therefore, Ramirez's June 14, 2004 filing of his federal habeas petition was timely.

### III. CONCLUSION

Having found that equitable tolling is warranted for both periods, the court concludes that the petition is timely. Ramirez's state court judgment became final on May 21, 2002, and was due on May 21, 2003. Taking into account the 39 days of statutory tolling that he is entitled to and the 62 and 135 days of equitable tolling, he had until January 12, 2004, to file a timely federal habeas petition. Ramirez delivered his second state habeas petition on December 28, 2003, which statutorily tolled the limitations period beyond June 14, 2004, when he filed his federal petition. The court therefore DENIES the government's motion to dismiss Ramirez's petition as untimely.

As the court has ruled, Ramirez's motion to expedite is moot. *See* Dkt. No. 118.

The respondent is to answer the petition as ordered on September 12, 2005. He may raise timeliness as an affirmative defense, if he contends that any of the material facts considered by the court are in dispute.

Dated:  March 21, 2013

*Ronald M. Whyte*
Ronald M. Whyte
United States District Court Judge

ORDER DENYING MOTION TO DISMISS
CASE NO. C-03-01817 RMW
SW

- 8 -