United States District Court
Northern District of California

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

ANTHONY M. RAMIREZ,
Petitioner,
v.
JAMES A. YATES, Warden,
Respondent.

Case No. 5:03-cv-01817-RMW

**ORDER DENYING MOTION TO SET ASIDE JUDGMENT**

Re: Dkt. No. 169

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After reviewing the briefs and the underlying record, the court concluded that petitioner was not entitled to relief based on the claims presented and denied the petition on October 21, 2014. Dkt. No. 158. On June 29, 2015, the U.S. Court of Appeals for the Ninth Circuit denied petitioner's request for a certificate of appealability. Dkt. No. 167. Petitioner also filed a petition for certiorari with the U.S. Supreme Court. Dkt. No. 168. That petition was denied. Dkt. No. 171. On September 8, 2015, petitioner filed the current motion to set aside the judgment pursuant to Federal Rule of Civil Procedure 60(b). Dkt. No. 169. For the reasons set forth below, the motion to set aside the judgment is denied.

## I. ANALYSIS

Rule 60(b) provides for reconsideration where one or more of the following is shown: (1)

mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that with reasonable diligence could not have been discovered before the court's decision; (3) fraud by an opposing party; (4) voiding of the judgment; (5) satisfaction of the judgment; or (6) any other reason justifying relief. *See* Fed. R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Rule 60(b)(6) affords courts the discretion and power "to vacate judgments whenever such action is appropriate to accomplish justice." *Phelps v. Alameida*, 569 F.3d 1120, 1135 (9th Cir. 2009). In applying Rule 60(b)(6) to petitions for habeas corpus, the Ninth Circuit has considered the following factors to guide courts' exercise of their discretion: (1) a showing of extraordinary circumstances, such as a change in intervening law; (2) the petitioner's exercise of diligence in pursuing the issue during federal habeas proceedings; (3) interest in finality; (4) delay between the finality of the judgment and the motion for Rule 60(b)(6) relief; (5) degree of connection between the extraordinary circumstance and the decision for which reconsideration is sought; and (6) comity. *See Phelps*, 569 F.3d at 1135.

**A. Alleged Attorney Misconduct**

Petitioner's main argument in the instant motion is that that alleged misconduct by his court-appointed attorney during habeas proceedings warrants relief under Rule 60(b), subdivisions (1), (3), and (6). Petitioner initially filed his federal habeas petition pro se. This court ruled that the petition was untimely and granted judgment in favor of respondents. Dkt. Nos. 48, 49. Petitioner appealed that decision, and this court appointed Maitreya Badami as petitioner's appellate counsel. Dkt. No. 63. On July 10, 2009, the Ninth Circuit vacated and remanded this court's initial judgment for determination of whether petitioner was entitled to equitable tolling during two specific periods. *Ramirez v. Yates*, 571 F.3d 993, 1001 (9th Cir. 2009). The Ninth Circuit's mandate took effect on September 9, 2009. Dkt. No. 70.

Petitioner asserts that on July 13, 2009, Ms. Badami wrote petitioner a letter indicating that the case had been remanded to the district court "for factual findings on equitable tolling as to two specific periods." Dkt. No. 170 Ex. B (July 13, 2009 letter). In the letter, which the court assumes

United States District Court
Northern District of California

is authentic for purposes of this order, counsel requests that petitioner "complete a hand written declaration with whatever information you want before the court." Counsel indicates that petitioner should "please send whatever documentation you think supports the finding in those two instances and I will do my best." *Id.* It also states: "if you have a petition somewhere that actually sets out the merits of your claims, you should send it as well." *Id.*

Petitioner asserts that Ms. Badami took no further action in this case. In response to an order from this court requesting supplemental evidence regarding equitable tolling, on July 21, 2010, petitioner, proceeding pro se, submitted additional evidence in support of his claims. Dkt. No. 77. On August 6, 2010, petitioner himself filed a request for the withdrawal of Ms. Badami as counsel and the appointment of new counsel. Dkt. No. 80. On August 19, 2010, Ms. Badami filed a motion to withdraw as counsel accompanied by a declaration indicating that she left her previous practice in late 2009 and had "significant problems with the mail being forwarded." Dkt. No. 81. The declaration states: "It was not my expectation that I would remain counsel of record for Mr. Ramirez in the District Court proceedings following remand. I was not a [CJA] panel member for District Court cases . . . ." *Id.* Ms. Badami indicated that she had "not received the documents filed and served by Respondent or the Court." In orders dated August 23, 2010 and August 30, 2010, the court granted Ms. Badami's motion to withdraw but did not appoint new counsel. Dkt. Nos. 82, 85.

After allowing petitioner's attorney to withdraw and allowing him additional time to submit supplemental evidence on equitable tolling, Dkt. No. 85, this court decided that equitable tolling rendered petitioner's habeas petition timely. Dkt. No. 120 at 8. The parties proceeded to submit materials on the merits of petitioner's claims. After reviewing the briefs and the underlying record, the court concluded in a 28-page order that petitioner was not entitled to relief based on the claims presented and denied the petition on October 21, 2014. Dkt. No. 158.

Petitioner now argues that because Ms. Badami "abandoned" him, he is entitled to relief from judgment. A federal habeas petitioner does not have a Sixth Amendment right to counsel and is ordinarily "bound by his attorney's negligence." *Towery v. Ryan*, 673 F.3d 933, 941 (9th Cir.

2012). However, where an attorney "abandons his client without notice," *id.*, courts have found that a petitioner's procedural default may be excusable, *id.* at 940 (citing *Maples v. Thomas*, 132 S. Ct. 912 (2012)). To obtain relief for attorney abandonment under Rule 60(b), a litigant "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the prosecution or defense of the action in a proper fashion." *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002). In a habeas case cited by petitioner, the Second Circuit ruled that "a Rule 60(b)(6) movant must show that his lawyer agreed to prosecute a habeas petitioner's case, abandoned it, and consequently deprived the petitioner of any opportunity to be heard at all." *Harris v. United States*, 367 F.3d 74, 81 (2d Cir. 2004).

In the instant case, petitioner's allegations regarding his attorney's conduct, if true, are troubling, but petitioner has not shown that his attorney's withdrawal injured him or prevented him from proceeding with pursuit of his claims. Petitioner has submitted materials indicating that Ms. Badami agreed to represent petitioner in support of his equitable tolling claim, but it is unclear if the representation extended to other areas of this case. Plaintiff ultimately prevailed on the equitable tolling issue, notwithstanding the fact that this court granted his attorney's motion to withdraw before ruling on the tolling issue. Additionally, the order granting the motion to withdraw gave petitioner more than adequate notice that once the court ruled on the equitable tolling issue and reached the merits of his claims, petitioner would need to either find a new attorney or prosecute his own claims. Plaintiff did not suffer a procedural default due to counsel's "abandonment," as was the case in *Maples*. Here, the court fully considered the merits of petitioner's claims but ultimately ruled against him. Accordingly, petitioner's motion for relief based on alleged attorney misconduct is denied.[1]

**B. Petitioner's Other Arguments**

The court has reviewed petitioner's other arguments and finds them unpersuasive. First, petitioner has not shown that the fact that petitioner was purportedly "surprised" by some of this

---

[1] Plaintiff's argument that his attorney's alleged misconduct constituted "fraud" under Rule 60(b)(3) also misses the mark because that subdivision applies to fraud "by an opposing party."

United States District Court
Northern District of California

court's orders interfered with him pursuing his claims. Second, as he argued previously, petitioner argues that the undersigned judge's rulings reflect bias that required recusal. This argument misses the mark because "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also* Dkt. No. 88 (order denying motion for recusal). Finally, petitioner argues that the time it took for this court to reach the merits of his habeas claims violated his due process rights. The court initially notes that this argument seems inconsistent with the multiple extensions of time petitioner has requested in this case. *See, e.g.*, Dkt. Nos. 7, 14, 53, 84, 154. In any event, petitioner cites no authority, and the court is not aware of any authority, for the proposition that delay constitutes grounds for habeas relief under Rule 60.

* * *

For the reasons set forth above, the motion to set aside judgment is DENIED.

## II. CERTIFICATE OF APPEALABILITY

The federal rules governing habeas cases brought by state prisoners require a district court that issues a final order adverse to the petitioner to grant or deny a certificate of appealability ("COA") in its ruling. *See* Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts (as amended to February 1, 2010). For the reasons set out in the discussion above, petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right [or] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a COA is denied.

**IT IS SO ORDERED.**

Dated: September 30, 2016

Ronald M. Whyte
United States District Judge